UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Arthur Jones, Jr.

    v.                                       Civil No. 22-cv-316-LM-AJ

United States of America[1]


**REPORT AND RECOMMENDATION**

Before the court is the Complaint filed by Arthur Jones, Jr., who was a federal prisoner at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), at all times relevant.[2] Mr. Jones asserts he was one of more than 150 prisoners who contracted COVID-19 during an April 2021 outbreak at FCI Berlin. He names the United States as a defendant to his negligence claims under the Federal Tort Claims Act ("FTCA"),

---

[1] The Complaint identifies the United States and the following current or former FCI Berlin officials, officers, or staff as individual defendants: (former) FCI Berlin Warden Robert Hazlewood; Assistant Warden T. Steals; Assistant Warden D. Ramirez; Health Services Administrator Teleisa Crnkovich; Nurses C. Girard and Patricia "Rincon" or "Recon"; Corrections Officer A. "Lavoire" or "Lavoie"; and Lieutenant A. McCormick.

[2] The BOP Online Inmate Locator indicates that Mr. Jones is no longer at FCI Berlin. Mr. Jones is reminded of his obligation to notify this court regarding his current address. See LR 83.6(e).

and he identifies individual FCI Berlin officers, health care providers, administrators, and employees as defendants to his Eighth Amendment claims, under a Bivens theory of liability. Cf. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A.

## Preliminary Review Standard

The court conducts a preliminary review of prisoner complaints filed in forma pauperis. See, e.g., 28 U.S.C. § 1915A. A prisoner's claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See id. § 1915A(b)(1). In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief'" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Pro se complaints are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**Background**

Plaintiff asserts that he contracted COVID-19 in mid-April 2021 while in Unit A-1 at FCI Berlin.[3] Mr. Jones sat next to a visibly sick prisoner on April 9, 2021. Fearing COVID-19, Mr. Jones summoned a corrections officer, who sent the sick prisoner to the medical department. All other prisoners in the unit were then placed in an emergency lockdown. Three prisoners who had worked with that sick prisoner were briefly isolated and were then allowed to return to their assigned cells in the Unit A-1.

Over the course of that day and into the next, all prisoners in Unit A-1 were tested for COVID-19, and the majority tested positive. Those testing positive were quarantined, and those who tested negative remained in the Unit, where they were allowed to shower. Mr. Jones asserts that he did not have enough time to sanitize the shower when he used it between April 11 and April 13, 2021.

On April 11, 2021, Mr. Jones's cellmate tested positive for COVID-19. Nurse Girard refused to test the plaintiff again on

---

[3] "A COVID-19 outbreak at [FCI Berlin] in April/May 2021, involving 192 inmates and 9 staff cases, was deemed closed by the State of New Hampshire on May 24, 2021." Alcorta v. FCI Berlin Warden, No. 21-cv-250-PB, 2021 U.S. Dist. LEXIS 167832, at *3 n.3, 2021 WL 3934355, at *1 n.3 (D.N.H. July 27, 2021) (citation omitted), R&R approved, 2021 U.S. Dist. LEXIS 166824, 2021 WL 3930741 (D.N.H. Sept. 1, 2021).

3

that date, and the plaintiff was not isolated or quarantined.

On April 13, 2021, in the evening, Mr. Jones and another prisoner, fearing they had COVID-19, activated their duress alarms. Corrections officers ("COs") told them that the medical staff does not work at night. Mr. Jones then argued with CO Lavoie, asking to speak with the lieutenant in charge. CO Lavoie refused that request and wrote Mr. Jones up for misusing the duress alarm.

On April 14, 2021, the plaintiff complained to Lieutenant McCormick about feeling sick. Several hours later, Nurse Girard tested the plaintiff and eleven other prisoners on the unit. All of them were then moved off the unit as a precautionary measure.

On April 15, 2021, the plaintiff complained about feeling ill to a nurse called Nurse "Recon" or "Rincon." She said that the results from the April 14 test were not yet available. Then, she administered a rapid test to the plaintiff, which came back positive. Several hours later, Mr. Jones was quarantined, where he remained for ten days, before his transfer to the Special Housing Unit awaiting disposition of his pending disciplinary charge.

Construed liberally, Mr. Jones claims that the federal officers and employees at FCI Berlin, named as defendants, acted with negligence or deliberate indifference in not swiftly

isolating or testing all of the prisoners complaining of COVID-19, who might have been the source of his infection, prior to the date when he became infected.  He further alleges that prisoners who had been exposed to those with COVID-19 remained in the housing unit, contributing to the risk that the infection would spread to him.  He asserts that the defendants did not conduct adequate contact-tracing.  And he claims that the defendants failed consistently to implement CDC Guidelines and BOP "mandatory health and safety precautions," including the isolation and contact-tracing protocols that had been implemented at FCI Berlin in October 2020.

## Discussion

### I. Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") provides this court with jurisdiction over certain claims for damages asserted against the United States, arising from allegations that federal employees caused personal injuries through their tortious acts or omissions.  See 28 U.S.C. §§ 1346(b)(1), 2674.  The allegations in the Complaint underlying Mr. Jones's FTCA claims are sufficient to survive preliminary review.  Without prejudice to the defendant United States's ability to file a dispositive motion, the court, in the Order this date, directs service of the Complaint upon the United States.  The United States must

file an Answer, a dispositive motion, or other pleading within sixty days of service upon the United States Attorney, relating to Mr. Jones's FTCA claim.

## II. *Bivens* Claims

Mr. Jones's federal constitutional claims against each of the following individuals are asserted under the Bivens doctrine:  (former) FCI Berlin Warden Robert Hazelwood; Assistant Warden T. Steals; Assistant Warden D. Ramirez; Health Services Administrator Teleisa Crnkovich; Nurses C. Girard and Patricia Rincon or Recon; Corrections Officer A. Lavoire or Lavoie; and Lieutenant A. McCormick.  The Bivens doctrine allows a plaintiff to vindicate certain rights through a private cause of action for damages against federal officials in their individual capacities.  See DeMayo v. Nugent, 517 F.3d 11, 14 (1st Cir. 2008).  The Supreme Court has recognized few contexts where Bivens claims may be available, among them, certain Eighth Amendment medical care claims.  See Ziglar v. Abbasi, 582 U.S. 120, 131 (2017) (citing Carlson v. Green, 446 U.S. 14, 20-23 (1980)).  This court need not address here whether or not a Bivens remedy might be available upon the facts alleged, as the R&R recommends dismissal for other reasons, as explained below.

### III. **Eighth Amendment**

    A.    Elements

The Eighth Amendment requires prison officials to provide humane conditions of confinement to inmates, including medical care for serious medical needs and protection from substantial risks of serious harm. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). An Eighth Amendment medical care or endangerment claim has both objective and subjective elements. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component is satisfied when the deprivation at issue denies prisoners "'the minimal civilized measure of life's necessities.'" Id. (citation omitted). A showing of deliberate indifference to a substantial risk of serious harm satisfies the subjective prong of an Eighth Amendment claim. See Farmer, 511 U.S. at 834. Deliberate indifference may be manifested by "'wanton disregard to a prisoner's needs . . . akin to criminal recklessness, requiring consciousness of impending harm, easily preventable." Abernathy v. Anderson, 984 F.3d 1, 6 (1st Cir. 2020) (citation omitted). To prevail on an Eighth Amendment claim, a plaintiff must show that the defendant's conduct was purposeful and not merely negligent. See id.

7

B.   Nurses Girard and Rincon

Mr. Jones alleges that Nurse Girard on April 11, 2021 refused to retest Mr. Jones for COVID-19 and refused to quarantine him after his cellmate tested positive for the virus and was quarantined.  Mr. Jones further alleges that Mr. Jones and his cellmate had been tested for COVID-19 on April 9 or April 10, and that they both tested negative on that date.  Mr. Jones has not alleged that he had any COVID-19 symptoms when he asked to be retested on April 11, and he has not alleged any facts suggesting that Nurse Girard had any knowledge that the threat of a COVID-19 infection for him presented a substantial risk of severe harm.  Absent any facts suggesting that when Nurse Girard refused to retest him or quarantine him on April 11, 2021, she was subjectively aware that her acts and omissions subjected Mr. Jones to a substantial risk of serious harm, the Complaint fails to state an Eighth Amendment claim against her, upon which relief can be granted.

Mr. Jones further alleges that he complained to Nurse Rincon on April 15, 2021 that he felt sick.  She told him that the results from his COVID-19 test administered on April 14 were not yet available, and then she administered a rapid test.  Mr. Jones tested positive and was quarantined several hours later, where he remained for ten days.  There are no allegations in the Complaint suggesting that Nurse Rincon exposed Mr. Jones to a

8

substantial risk of serious harm to Mr. Jones by her actions on April 15, 2021.  Accordingly, the district judge should dismiss Mr. Jones's Eighth Amendment claims asserted against both of the nurses named as defendants.

    C.   <u>CO Lavoie</u>

Mr. Jones has alleged that when Mr. Jones pulled the duress alarm and told CO Lavoie that he feared he had COVID-19 at night on April 13, 2021, CO Lavoie did not summon the lieutenant in charge at Mr. Jones's request and ultimately wrote up Mr. Jones for misuse of his duress alarm.  The facts alleged do not suggest that CO Lavoie acted with deliberate indifference to any known substantial risk of serious harm to Mr. Jones by refusing to let him talk to the lieutenant at night or by writing him up for a disciplinary offense relating to the duress alarm, under the circumstances.  Accordingly, the district judge should dismiss Mr. Jones's Eighth Amendment claims asserted against CO Lavoie.

    D.   <u>Lt. McCormick</u>

Mr. Jones has alleged that he complained to Lt. McCormick on April 15 about feeling sick, and that within several hours, he underwent a COVID test, tested positive, and was quarantined.  He has not alleged any facts which manifested the lieutenant's

9

subjective awareness that his own acts or omissions relating to Mr. Jones caused him to be exposed to any substantial risk of serious harm. Accordingly, the district judge should dismiss Mr. Jones's Eighth Amendment claims asserted against Lt. McCormick.

### E. Supervisory Prison Officials

In general, in a Bivens action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676 (2009). There are no specific allegations in the Complaint regarding any acts or omissions of (former) FCI Berlin Warden Robert Hazlewood; Assistant Warden T. Steals; Assistant Warden D. Ramirez; or Health Services Administrator Teleisa Crnkovich, apart from Mr. Jones's generalized allegations regarding the alleged failure of FCI Berlin officials to consistently implement "mandatory" BOP policies and CDC protocols.

The Complaint does not tie any of the alleged inconsistencies in implementing the isolation and testing protocols and policies to the acts or omissions of any particular supervisory defendant, and the Complaint does not link any supervisory defendants' acts or omissions to any subjective awareness of Mr. Jones's circumstances. "The fact

10

that an outbreak has occurred, without more, is insufficient to establish that the BOP was deliberately indifferent to the risk of harm that COVID-19 poses." Mateo v. FCI Berlin Warden, No. 20-cv-1012-PB, 2021 DNH 089, 2021 U.S. Dist. LEXIS 98383, at *8 n.6, 2021 WL 2109748, at *4 n.6 (D.N.H. May 24, 2021); see also Wilson v. Williams, 961 F.3d 829, 842-43 (6th Cir. 2020) (rejecting contention that BOP "was deliberately indifferent to petitioners' health and safety because [its] actions have been ineffective at preventing the spread of COVID-19 . . . .").[4]

Mr. Jones's allegations do not state an Eighth Amendment claim upon which relief can be granted as to the acts or omissions of any FCI Berlin supervisor. Accordingly, the district judge should dismiss all of Mr. Jones's Eighth

---

[4] This court notes that the docket and orders in other cases filed by FCI Berlin prisoners indicate that, in the time period at issue here, the BOP had implemented a multi-step plan to control the transmission of COVID-19 at FCI Berlin. See generally Alcorta, 2021 U.S. Dist. LEXIS 167832, at *6, 2021 WL 3934355, at *1; Mateo, 2021 WL 2109748, at *4, 2021 U.S. Dist. LEXIS 98383, at *8. The measures cited in those cases included inmate and staff vaccination, mask use, and social distancing, which are matters that Mr. Jones does not address in his Complaint. The courts in those cases concluded that the availability of vaccinations and other measures implemented at FCI Berlin "demonstrate[] the reasonableness of the BOP's handling of the risk from COVID-19" at that facility. Mateo, 2021 WL 2109748, at *4, 2021 U.S. Dist. LEXIS 98383, at *8; accord Alcorta, 2021 U.S. Dist. LEXIS 167832, at *6, 2021 WL 3934355, at *2 ("The efforts to protect Alcorta and other prisoners at FCI Berlin from the COVID-19 virus are reasonable and do not show any deliberate indifference to the risks posed by the virus.").

Amendment claims against the FCI Berlin supervisors named as defendants: (former) Warden Robert Hazlewood; Assistant Warden T. Steals; Assistant Warden D. Ramirez; and Health Services Administrator Teleisa Crnkovich.

## Conclusion

For the foregoing reasons, the district judge should dismiss all of Mr. Jones's Eighth Amendment Bivens claims, and, consequently, all of the defendants -- except for the United States -- should be dropped from this action.  Any objections to this Report and Recommendation must be filed within fourteen days of the date of receipt of this notice.  The objection period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 18, 2024

cc: Arthur Jones, Jr., pro se